# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| TIM BOYLE, individually, and as representative of a class of similarly situated persons comprising The unincorporated labor organization, The International Brotherhood of Teamsters, Local 2727, 7711 Beulah Church Road Louisville, Kentucky 40228,<br><br>Plaintiff,<br>v.<br><br>UNITED PARCEL SERVICE CO. (AIR), 1400 North Hurstbourne Parkway, Louisville, Kentucky 40223<br><br>Defendant. | *Electronically Filed*<br><br>Civil Action No. 3:21-cv-135-CRS<br>(Jefferson Circuit Court No. 21-CI-000813) |

## NOTICE OF REMOVAL

Defendant United Parcel Service Co. (Air) ("Defendant" or "UPS") by their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, removes the above-style action from the Circuit Court of Jefferson County, Kentucky to the United States District Court for the Western District of Kentucky, Louisville Division. In support of removal Defendant states the following:

1. Plaintiff Tim Boyle ("Plaintiff") brought a putative class action suit against Defendant in the Jefferson Circuit Court, Commonwealth of Kentucky, said action being designated as Case No. 21-CI-000813 ("State Court Action"). A copy of Plaintiff's Verified Complaint ("Complaint"), summons, and all other process, pleadings, and orders previously filed in the State Court Action is attached hereto as Exhibit A.

2. Defendant received service of process by delivery of the Summons and Complaint on February 9, 2021 to its registered agent for service of process. This Notice of Removal has, thus, been filed within 30 days of service of the Summons and Complaint upon Defendant.

3. Plaintiff is a current employee of Defendant and the President of Local 2727 of the International Brotherhood of Teamsters (the "Union"), which is headquartered in Louisville, Kentucky and has approximately 1600 members in multiple states. (Complaint ¶¶ 1, 34.) In the State Court Action, Plaintiff, on behalf of himself and a purported class of Union members, asserts claims against Defendant for public nuisance, negligence, and negligence *per se* based on allegations concerning conditions of the workplace. (Complaint ¶¶ 41-66.)

4. The Complaint seeks a permanent injunction requiring that Defendant institute certain workplace cleaning protocols and communication protocols with the Union about COVID-19 issues. (Complaint, Prayer for Relief, pp. 27-29.) The Complaint also seeks attorneys' fees and costs. (Complaint, Prayer for Relief, p. 29.)

FEDERAL JURISDICTION

5. Under 28 U.S.C. § 1332, district courts have original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a).

6. The amount in controversy here exceeds $75,000, exclusive of interest and costs, because Plaintiff seeks injunctive relief impacting the workplace safety and communication protocols for approximately 1,600 employees who are members of the Union, as well as attorneys' fees.

7. Plaintiff is now and has at all relevant times been a citizen and resident of the State of Kentucky. (Complaint ¶ 1.)

8. Defendant is now and has at all relevant times been a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in Georgia, and is considered a citizen of those two states for diversity purposes. (*See* Complaint ¶ 2.)

9. Accordingly, this case is removable pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship jurisdiction.[1]

ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

10. In addition to the jurisdictional requirements discussed above, 28 U.S.C. §§ 1441 and 1446 also set forth certain procedural requirements with respect to removal. *See* 28 U.S.C. §§ 1441(a), 1446. As set forth below, Defendant has satisfied the procedural requirements set forth in 28 U.S.C. §§ 1441 and 1446.

11. Venue is proper. The State Court in which this action was commenced is within this Court's district and division. Therefore, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

12. Defendant timely files this Notice of Removal within thirty (30) days of service of Plaintiff's Complaint in the State Court Action. *See* 28 U.S.C. § 1446(b).

---

[1] In addition, under 28 U.S.C. § 1331 ("section 1331"), federal courts have original jurisdiction over any civil case "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although Plaintiff does not specifically reference any federal causes of action in his Complaint, all of Plaintiff's claims are intertwined with and dependent upon this Court's interpretation of the current collective bargaining agreement ("CBA") between Defendant and the Union (of which Plaintiff is the President) and implicate federal labor laws. Accordingly, this case is also removable pursuant to 28 U.S.C. § 1331 by reason of federal question jurisdiction.

Defendant received service of process by delivery of the Summons and Complaint on February 9, 2021 to its registered agent for service of process.  (*See* Exh. A.)

13. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this document will be provided to Plaintiff and to the Clerk of the Circuit Court of Jefferson County, Kentucky by serving upon them in an appropriate manner a Notice of Filing of Notice of Removal.

**WHEREFORE**, this action is removed from Circuit Court of Jefferson County, Kentucky to the United States District Court for the Western District of Kentucky, Louisville Division.

Respectfully submitted this 1st day of March, 2021.

/s/  Meredith Kingsley
Meredith Kingsley
meredith.kingsley@alston.com
Charles H. Morgan (*pro hac vice to be filed*)
charlie.morgan@alston.com
F. Nicholas Chandler (*pro hac vice to be filed*)
nick.chandler@alston.com
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777

Tony C. Coleman
tony.coleman@dinsmore.com
Amir J. Nahavandi
amir.nahavandi@dinsmore.com
**DINSMORE & SHOHL LLP**
101 South Fifth Street, Suite 2500
Louisville, Kentucky  40202
Telephone:  (502) 540-2300
Facsimile: 502-585-2207

*Counsel for Defendant*

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| TIM BOYLE, individually, and as representative of a class of similarly situated persons comprising The unincorporated labor organization, The International Brotherhood of Teamsters, Local 2727, 7711 Beulah Church Road Louisville, Kentucky 40228,<br><br>        Plaintiff,<br>v.<br><br>UNITED PARCEL SERVICE CO. (AIR), 1400 North Hurstbourne Parkway, Louisville, Kentucky 40223<br><br>        Defendant. | *Electronically Filed*<br><br>Civil Action No. _____<br>(Jefferson Circuit Court No. 21-CI-000813) |

This is to certify that I have this date served a copy of the foregoing Notice of Removal by depositing a true and correct copy of same in the United States mail with adequate first-class postage affixed thereon, addressed as follows:

> David O'Brien Suetholz
> Peter J. Jannace
> Attorneys for the Union
> Branstetter Stranch & Jennings, PLLC
> 515 Park Avenue
> Louiseville, Kentucky 40208
> eter@bsjfirm.com

This 1st day of March, 2021.

                                By:  /s/ Meredith Kingsley_____
                                     Meredith Kingsley