# EXHIBIT A



LDD / ALL
**Transmittal Number: 22738813**
**Date Processed: 02/10/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP UPS - United Parcel<br>SOP - PowerBrief - Wilmington<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Electronic copy provided to:** | Salem Desir<br>Bishop Martin<br>CSC Test<br>Arlette Willis |

| | |
|---|---|
| **Entity:** | United Parcel Service Co. (Air)<br>Entity ID Number  2551174 |
| **Entity Served:** | United Parcel Service Co. (Air) |
| **Title of Action:** | Tim Boyle vs. United Parcel Service Co. (Air) |
| **Matter Name/ID:** | Tim Boyle vs. United Parcel Service Co. (Air) (10941810) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Jefferson County Circuit Court, KY |
| **Case/Reference No:** | 21-CI-000813 |
| **Jurisdiction Served:** | Kentucky |
| **Date Served on CSC:** | 02/09/2021 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | David O'Brien Suetholz<br>502-636-4333 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **21-CI-000813**<br>Court: **CIRCUIT**<br>County: **JEFFERSON Circuit** |
| --- | --- | --- |

*Plantiff,* **BOYLE, TIM VS. UNITED PARCEL SERVICE CO. (AIR)**, *Defendant*

TO:  **CORPORATION SERVICE COMPANY**
    **421 WEST MAIN STREET**
    **FRANKFORT, KY 40601**

Memo: Related party is UNITED PARCEL SERVICE CO. (AIR)

The Commonwealth of Kentucky to Defendant:
**UNITED PARCEL SERVICE CO. (AIR)**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

David L. Nicholson

Jefferson Circuit Clerk
Date: **2/5/2021**

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

    Date: _____, 20_____

    _____
    Served By

    _____
    Title

Summons ID: 316179721695952@00000966807
CIRCUIT: 21-CI-000813 Certified Mail
BOYLE, TIM VS. UNITED PARCEL SERVICE CO. (AIR)



Page 1 of 1

*eFiled*

Package:000002 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000002 of 000049

NO. _____

*(Electronically Filed)*

JEFFERSON CIRCUIT COURT
DIVISION _____
JUDGE _____

TIM BOYLE, Individually, and as representative    **PLAINTIFF**
of a class of similarly situated persons comprising
the unincorporated labor organization, The International
Brotherhood of Teamsters, Local 2727,
7711 Beulah Church Road
Louisville, Kentucky 40228

**VS.**              **VERIFIED COMPLAINT**

UNITED PARCEL SERVICE CO. (AIR),
1400 North Hurstbourne Parkway
Louisville, Kentucky 40223

      SERVE:   Corporation Service Company
              421 West Main Street
              Frankfort, Kentucky 40601

      COPY:    Tony C. Coleman, Esq.
              DINSMORE & SHOHL LLP
              101 South Fifth Street, Suite 2500
              Louisville, Kentucky 40202        **DEFENDANT**

* * * * * * * * * * * * *

**COMES NOW** the Plaintiff, TIM BOYLE, Individually, and as

representative of a class of similarly situated persons comprising the

unincorporated labor organization, the International Brotherhood of

Teamsters, Local 2727 (hereinafter collectively referred to as the "Union"), by

counsel, and hereby states the following causes of action against the De-

fendant, UNITED PARCEL SERVICE CO. (AIR) (hereinafter the

"Defendant", the "Company" or "UPS"). The Union herein seeks declaratory

and injunctive relief against Defendant.

Package:000003 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000003 of 000049

## I. PRELIMINARY STATEMENT

The relief the Union seeks herein is simple enough. Given the current pandemic of the potentially deadly Novel Coronavirus Disease 2019 ("COVID-19") sweeping the globe, the Union, quite reasonably, expects UPS to adhere to basic sanitation requirements at its facilities used by the Union's members, including the Louisville Gateway. Nevertheless, despite the Union assiduously alerting UPS safety officials to serious, chronic sanitary concerns at that facility, it is now forced to seek court intervention.

The Union seeks declaratory and injunctive relief against UPS, ordering it to adhere to basic sanitation requirements at facilities used by its members at its Louisville Gateway. The Union seeks injunctive relief herein to prevent the potential loss of life or serious injury of its members—and indeed, the public at large—because of the Company's intentional disregard for their well-being.

In support thereof, the Union states as follows:

## II. PARTIES, JURISDICTION AND VENUE

1.      The Plaintiff, TIM BOYLE, Individually, and as representative of a class of similarly situated persons comprising the unincorporated labor organization, the International Brotherhood of Teamsters, Local 2727, is a natural person who resides in the Commonwealth of Kentucky, and he

Package :000004 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000004 of 000049

-2-

currently serves as the President of the Union. The Union's headquarters is located at 7711 Beulah Church Road Louisville, Kentucky 40228.

2.        The Defendant, UNITED PARCEL SERVICE CO. (AIR), is a Delaware corporation, with its headquarters located at 1400 North Hurstbourne Parkway Louisville, Kentucky 40223, organized and existing under the laws of the State of Delaware with the power to sue and be sued.

3.        The Company's agent for service of process listed on the official website for the Secretary of State of the Commonwealth of Kentucky is: Corporation Service Company, 421 West Main Street Frankfort, Kentucky 40601.

4.        The Defendant is subject to the *in personam* jurisdiction of this Court because this action arises from its acts and omissions which have all taken place at its principal place of business in the Commonwealth of Kentucky.

5.        Subject matter jurisdiction and venue are proper in this Court, as the Union seeks declaratory and equitable relief herein and UPS has its principal office in Jefferson County.

### III. FACTUAL ALLEGATIONS

6.        The legal and factual allegations contained in Verified Complaint Paragraph(s) One (1) through Five (5) are repeated and re-alleged as if fully set forth herein.

Package :000005 of 000049    Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)    Package : 000005 of 000049

7.    The Union represents Aviation Maintenance Technicians, Aircraft Maintenance Inspectors, Aircraft Maintenance Utility, Aircraft Maintenance Controllers, Lead Service Technicians, Flight Simulator Technicians, and Aircraft Maintenance Technical Publication personnel. It is located at various gateways throughout the United States with its headquarters in Louisville, Kentucky.

8.    This dispute arises from the Company's total disregard for the safety of its employees by habitually failing to keep its Louisville, Kentucky facilities in safe, sanitary and healthful conditions.

9.    The Company's refusal to take reasonable and appropriate measures to protect the members of the Union is exacerbated by the current COVID-19 pandemic, exposing its members to a significant risk of illness and death—the ultimate irreparable injury.

10.    According to the World Health Organization ("WHO"), as of January 28, 2021, there were 100,455,529 confirmed cases of COVID-19 globally, the outbreak had taken 2,166,440 lives and it continues to spread.[1]

11.    As of that day, COVID-19 had a global mortality rate of approximately 2.15%, far greater than the less than 1% that perish from the seasonal flu.[2]

---

[1] *WHO Coronavirus Disease (COVID-19) Dashboard*, WORLD HEALTH ORG., (Jan. 28, 2020), https://covid19.who.int/.
[2] *See ibid.*

-4-

Package:000006 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000006 of 000049

12.    Critically, Doctor Tedros Adhanom Ghebreyesus, the Director-General of the WHO, differentiates COVID-19 from other diseases because its nature presents an opportunity to break the chains of transmission and contain its spread; therefore, as concerns COVID-19, "[w]ith early, aggressive measures, countries can stop transmission and save lives."[3]

13.    Given the seriousness of the epidemic, Alex M. Azar II, then Secretary of the U.S. Department of Health & Human Services, declared a public health emergency for COVID-19 in January of 2020.[4]

14.    Less than a week later, the Federal Aviation Administration in conjunction with the Centers for Disease Control and Prevention ("CDC") followed suit, by issuing interim health guidance for, *inter alios*, Air Carriers and Crewmembers, which specified protocols for air carriers and flight crewmembers who have recently conducted, or are conducting, flight operations associated with China—such as UPS.[5]

15.    Those protocols include, *inter alia*: providing crew with access to minimum 60% alcohol-based hand sanitizer and requiring crew members who

---

[3] *WHO Director-General's opening remarks at the media briefing on COVID-19,* WORLD HEALTH ORG., (Mar. 3, 2020), https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---3-march-2020.
[4] *Secretary Azar Declares Public Health Emergency for United States for 2019 Novel Coronavirus,* U.S. DEPT. OF HEALTH & HUMAN SERVS., (Jan. 31, 2020), https://www.hhs.gov/about/news/2020/01/31/secretary-azar-declares-public-health-emergency-us-2019-novel-coronavirus.html.
[5] *See Safety Alert for Operators 20001: 2019 Novel Coronavirus: Interim Health Guidance for Air Carrier and Crews,* FED. AVIATION ADMIN., (Feb. 4, 2020), https://www.faa.gov/other-visit/aviation_industry/airline_safety/safo/all_safos/media/2020/SAFO20001.pdf.

-5-

Package:000007 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000007 of 000049

are symptomatic of COVID-19 to not work subsequent flight segments until

they have been cleared by occupational health and public health officials.[6]

16.    Indeed, the Occupational Safety and Health Administration has

acknowledged the potential elevated exposure risk for workers involved in,

*inter alia*, airline operations like UPS.[7]

17.    The CDC and Commonwealth of Kentucky issued interim

guidance for businesses and employers in general—including UPS.[8] While

the Company claims to have implemented measures such as enhanced

cleaning and sanitation as part of the phased reopening of businesses, the

reality does not reflect that.

18.    The primary mechanism for the spread of COVID-19 is person-

to-person transmission, via respiratory droplets produced when an infected

person coughs or sneezes.[9]

19.    There is also research that suggests that COVID-19 can be

transmitted via blood, urine and fecal matter.[10]

---

[6] *See ibid.*

[7] *See COVID-19 Hazard Recognition*, OCCUPATIONAL SAFETY & HEALTH ADMIN., (Feb. 13, 2020), https://
www.osha.gov/SLTC/covid-19/hazardrecognition.html#spread.

[8] *See Interim Guidance for Businesses and Employers to Plan and Respond to Coronavirus Disease 2019 (COVID-19), February 2020*, CTRS. FOR DISEASE CONTROL & PREVENTION, (Feb. 26, 2020), https://www
.cdc.gov/coronavirus/2019-ncov/specific-groups/guidance-business-response.html.

[9] *See How COVID-19 Spreads*, CTRS. FOR DISEASE CONTROL & PREVENTION, (Feb. 28, 2020), https://
www.cdc.gov/coronavirus/2019-ncov/about/transmission.html.

[10] *See* Zhang, Wei, *et al.*, *Molecular and serological investigation of 2019-nCoV infected patients: implication of multiple shedding routes*, 9:1 EMERGING MICROBES & INFECTIONS 386 (Feb. 17, 2020).

-6-

Package:000008 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000008 of 000049

20.    The situation is foreboding, as Governor Andy Beshear declared

a state of emergency on March 6, 2020 due to COVID-19, and there are

279,340 confirmed cases of COVID-19 with 3,311 deaths in Kentucky as of

January 28, 2021.[11]

21.    Indeed, just last April, COVID-19 claimed the lives of two

employees at UPS's Louisville Worldport facility.

22.    In the Company's Louisville Gateway, unsanitary conditions

abound. Serial complaints have been filed by the Union. The Company is

failing to maintain the cleanliness of the restrooms and facilities; restrooms

are not being provided with paper towels, soap, wipes and hand sanitizer;

food preparation areas, water fountains, ice machines, coolers, and soap

dispensers are dirty and unsanitary; walls are dirty and covered with waste

particles; enhanced, deep cleaning is not being done in facilities and vehicles

after reports of COVID-19 contamination:

---

[11] *Kentucky Coronavirus Monitoring*, KY. CAB. FOR HEALTH & FAM. SERVS., (Jan. 28, 2021)
https://govstatus.egov.com/kycovid19.

Package:000009 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000009 of 000049



*Uncollected Trash at Louisville Gateway Cell Block 8/2020.*

Package:000010 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000010 of 000049

-8-

Filed          21-CI-000813          02/05/2021          David L. Nicholson, Jefferson Circuit Clerk



*Dirty sinks at Ramp 23 bathroom of Louisville Gateway 10/2020.*

Package:000011 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000011 of 000049

Filed          21-CI-000813          02/05/2021          David L. Nicholson, Jefferson Circuit Clerk



*Dirty stall at Ramp 23 bathroom of Louisville Gateway 10/2020.*

Package:000012 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000012 of 000049

Filed        21-CI-000813        02/05/2021        David L. Nicholson, Jefferson Circuit Clerk



*Overflowing trashcan at Ramp 23 bathroom of Louisville Gateway 10/2020.*

Package:000013 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000013 of 000049

-11-

Filed    21-CI-000813    02/05/2021    David L. Nicholson, Jefferson Circuit Clerk



*Empty soap dispenser at Louisville Gateway E -Wing bathroom 7/2020.*

-12-

Package:000014 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000014 of 000049

Filed        21-CI-000813      02/05/2021        David L. Nicholson, Jefferson Circuit Clerk



*Empty paper towel dispensers at Louisville Gateway E -Wing bathroom 7/2020.*

Package:000015 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000015 of 000049

Filed        21-CI-000813      02/05/2021        David L. Nicholson, Jefferson Circuit Clerk

Filed        21-CI-000813        02/05/2021        David L. Nicholson, Jefferson Circuit Clerk



*Overflowing trashcan at Louisville Gateway E -Wing bathroom 07/2020.*

-14-

Package : 000016 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000016 of 000049



*Empty seat cover dispenser at Louisville Gateway E -Wing bathroom 7/2020.*

Package :000017 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630287)

Package : 000017 of 000049

Filed        21-CI-000813      02/05/2021        David L. Nicholson, Jefferson Circuit Clerk



*Dirty accesible stall at Louisville Gateway E -Wing bathroom 7/2020.*

Package:000018 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000018 of 000049

Filed        21-CI-000813      02/05/2021        David L. Nicholson, Jefferson Circuit Clerk

23.    Despite proactive suggestions by the Union, the Company has failed to address the ubiquitous sanitary deficiencies that have been running the gamut of its facilities. The adverse effect on the class, and the public in general, borne from the Company's patently inadequate sanitation practices, is exponentially exacerbated by the COVID-19 pandemic.

24.    Recent examples of those deficiencies at the Louisville Gateway include, but are not limited to:

a.  On or about November of 2020, the cleaning company the Company subcontracted with failed to empty the trash in the D-Wing garage area and failed to sanitize surfaces that were frequently touched, including tables, sinks and floors;

b.  On or about November 25, 2020, a class member informed the Company that he tested positive for COVID-19. A different class member whose desk was directly adjacent to him was not informed until the next day, the desks were never sanitized, and the Company nurse never contacted him to conduct contact tracing/instruct him to isolate;

c.  On or about December 28, 2020, a class member at the Louisville Gateway tested positive for COVID-19. A different member of the class continuously used the same truck subsequent to the 28th, yet he was not informed of his co-worker's positive test until January

-17-

Package:000019 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000019 of 000049

13, 2021, and there is no indication that the vehicle was thoroughly

cleaned or disinfected in the interim whatsoever;

d. On or about January 7, 2021, the break area and common areas

were filthy. The trash was overflowing, and the tables were left un-

sanitized;

e. On several occasions, the bathrooms were out of soap and paper

towels, and wall mounted hand sanitizer stations were empty. On

those occasions when trash was emptied, the floors and surfaces

were not cleaned/wiped down;

f. On or about January 24, 2021, the D-Wing ACMX offices and

common areas were not cleaned or disinfected for two straight days

and nights.

25.    The Union perpetually reported those and other deficiencies to

the Company as they continuously recurred, yet it failed to adequately

address them. Accordingly, the Union filed a complaint with the Kentucky

Labor Cabinet, Department of Workplace Standards, Division of

Occupational Safety & Health Compliance (hereinafter "KOSH") on or about

May of 2020. KOSH issued citations against the Company for, *inter alia*,

failing to protect its employees from exposure to COVID-19 and failing to

properly document positive COVID-19 cases on or about December 18, 2020.

A copy of KOSH's citations is annexed hereto as Plaintiff's *Exhibit A*.

Package:000020 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000020 of 000049

26.    As COVID-19 continues its tireless march across the continental United States and beyond, it is critical that the Company takes concrete steps—as opposed to its harassment of employees for filing safety complaints and empty promises to date—to ensure that the disease does not spread to the Union's members, their friends and families and the communities they call home.

27.    All employees who work in the unsanitary condition of UPS's facilities face an imminent risk of contracting COVID-19, which can potentially be fatal.

28.    Without the injunction requested in this Complaint, the Union will suffer imminent, irreparable harm if a member or a member's vulnerable loved one is killed for which there is no adequate remedy at law unless and until injunctive relief is granted.

29.    The Union will suffer more from denial of the injunction than the Defendant will from its issuance.

## IV. <u>CLASS ALLEGATIONS</u>

30.    The legal and factual allegations contained in Verified Complaint Paragraph(s) One (1) through Twenty-Nine (29) are repeated and re-alleged as if fully set forth herein.

31.    The Plaintiff brings this suit against the Defendant as a class action, prosecuted by the named representative individually, and on behalf of a class of similarly situated persons, to wit, the members of the Local 2727

-19-

Package:000021 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000021 of 000049

Filed       21-CI-000813       02/05/2021       David L. Nicholson, Jefferson Circuit Clerk

pursuant to Kentucky Rules of Civil Procedure, Rule (hereinafter "CR") 23.01 and CR 23.02(b). Subject to additional information obtained through further investigation and/or discovery, the foregoing definition of the Plaintiff Class may be expanded or narrowed. The proposed Plaintiff Class is as follows:

> Union Class: All persons who, like TIM BOYLE, are active members of The International Brotherhood of Teamsters, Local 2727.

32.    Excluded from the Union Class are any member of the Judge assigned to this case's immediate family. Plaintiff expressly reserves the right to modify the Plaintiff Class definition as further investigation and/or discovery so warrants.

33.    This action has been brought and may properly be maintained as a class action pursuant to CR 23 and the case law thereunder.

34.    Numerosity: The members of the Union Class are so numerous that joinder of all members is impracticable. The Union currently has approximately sixteen-hundred members in multiple states.

35.    Commonality: Common questions of law and fact exist as against the Defendant in this action. These common questions predominate over any questions affecting only individual Union Class members. These common legal and factual questions include, but are not limited to, the following:

a.    whether or not the Defendant owes the Union a common law duty to provide a safe and sanitary environment to work in;

-20-

Package: 000022 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000022 of 000049

Filed       21-CI-000813       02/05/2021       David L. Nicholson, Jefferson Circuit Clerk

b. whether or not the Defendant breached that duty;

c. whether or not COVID-19 at Defendant's Louisville, Kentucky facility is a recognized hazard that is causing or is likely to cause death or serious physical harm to its employees;

d. whether or not UPS has a duty under the Kentucky Occupational Safety and Health Act, KRS 338.031, *et seq.* ("KOSHA"), to furnish its employees, including the Union Class, a place of employment that is reasonably free from COVID-19;

e. whether or not UPS breached that duty;

f. whether or not the inadequate way UPS is handling COVID-19 constitutes a public nuisance; and

g. whether or not the Plaintiff Class members are entitled to declaratory and injunctive relief.

36.    These and other questions of law and/or fact are common to members of the Plaintiff Class and predominate over any questions affecting only individual members of it.

37.    Typicality: The Plaintiff's claims against the Defendant are typical of the claims of the similarly situated members of the Union Class, as the Plaintiff asserts claims against the Defendant flowing from the squalid conditions at Defendant's Louisville, Kentucky Gateway. Conversely, the Defendant, by and through one or more agent(s) thereof, engaged in a unitary course of conduct that forms the basis of this lawsuit. The Plaintiff is

-21-

Package:000023 of 000049

Presiding Judge: HON: CHARLES L. CUNNINGHAM (630297)

Package : 000023 of 000049

advancing the same claims and legal theories on behalf of himself and all absent members of the Union Class.

38.    Adequacy: The Plaintiff's claims are made in a representative capacity on behalf of the other members of the Union Class. The Plaintiff has no interests antagonistic to the interests of the other members of the Union Class and is subject to no unique defenses. Indeed, it is hard to imagine a more qualified representative of the Union Class than its elected President.

39.    The Plaintiff is similarly situated in interest to all members of the proposed Union Class and is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions. Accordingly, the Plaintiff is an adequate representative of the Union Class and will fairly and adequately protect the interests of the members of the Union Class.

40.    This suit may be maintained as a class action under CR 23.02(b) because UPS has acted or refused to act on grounds generally applicable to the Union Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

-22-

Package:000024 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000024 of 000049

Filed          21-CI-000813          02/05/2021          David L. Nicholson, Jefferson Circuit Clerk

# V. CAUSES OF ACTION

## AS AND FOR A FIRST CAUSE OF ACTION

### PUBLIC NUISANCE
### (on behalf of Plaintiff and the Union Class)

41.    The legal and factual allegations contained in Verified Complaint Paragraph(s) One (1) through Forty (40) are repeated and re-alleged as if fully set forth herein.

42.    The Company's decision to continue business as usual while simultaneously failing to comply with minimum basic health and safety standards at its Louisville, Kentucky Gateway, including guidance from the CDC and other public health standards necessary to stop the spread of COVID-19, is causing, or is reasonably certain to cause, further spread of the disease to Plaintiff, the Union Class, their family members, the Company's other employees and the general public.

43.    The community spread of COVID-19 caused by UPS's lackadaisical attitude to the sanitation of its Louisville, Kentucky Gateway is not, and has not been, limited to its walls. Infected workers go home to interact with their families and with other members of the public as they undertake their day-to-day activities.

44.    Increased community spread at UPS's Louisville, Kentucky Gateway will cause increased community spread throughout the Commonwealth of Kentucky, and potentially other states as well.

-23-

45.    This community spread will result in disease and possibly death.
It will also stress healthcare resources and cause financial harm.

46.    UPS's current policies and practices constitute a public nuisance
because they unreasonably interfere with the property rights of the citizens
of the Commonwealth of Kentucky, and because they unreasonably interfere
with the common public right to public health.

47.    The public nuisance causes special harm to Plaintiff and the
Union Class because some of their number are directly exposed to the
dangerous working conditions at UPS's Louisville, Kentucky Gateway caused
by UPS's policies and failures to meet its minimum duties to its employees.

48.    Plaintiff and the Union Class also experience special harm
flowing from their fear of contracting COVID-19 and infecting a family
member. Plaintiff and the Union Class experience emotional distress flowing
from their knowledge that their work—which they cannot do remotely and
which they need to sustain their families—may expose their loved ones to a
deadly virus.

49.    Plaintiff and the Union Class therefore request a declaration
that UPS's policies and practices at its Louisville, Kentucky Gateway
constitute a public nuisance and request injunctive relief to abate the
nuisance.

Package:000026 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000026 of 000049

-24-

## AS AND FOR A SECOND CAUSE OF ACTION

### NEGLIGENCE
### (on behalf of Plaintiff and the Union Class)

50.     The legal and factual allegations contained in Verified

Complaint Paragraph(s) One (1) through Forty-Nine (49) are repeated and re-

alleged as if fully set forth herein.

51.     The Company owes Plaintiff and the other members of the

Union a common law duty to furnish them a reasonably safe place in which to

work taking into consideration the nature and circumstances of the work at

hand, and this duty cannot be delegated.

52.     That common law duty requires the Company to exercise

ordinary and reasonable care to provide a safe place for its employees,

including Plaintiff and the other members of the Union, to work, and those

employees do not assume the risks incident to their employment except upon

the consideration that the Company exercise ordinary care to make the place

safe.

53.     The patently inadequate way the Company has been

maintaining its workplace considering the COVID-19 pandemic is a breach

and dereliction of that duty.

54.     Plaintiff and the Union Class therefore request a declaration

that UPS's policies and practices at its Louisville, Kentucky Gateway violate

its common law duty to provide a safe workplace and request injunctive relief

to compel UPS to comply therewith.

-25-

Package:000027 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000027 of 000049

## AS AND FOR A THIRD CAUSE OF ACTION

### NEGLIGENCE *PER SE*
**(on behalf of Plaintiff and the Union Class)**

55.    The legal and factual allegations contained in Verified

Complaint Paragraph(s) One (1) through Fifty-Four (54) are repeated and re-

alleged as if fully set forth herein.

56.    Under KOSHA, UPS is required to furnish to Plaintiff, the

members of the Union Class and all of its other workers "a place of

employment which [is] free from recognized hazards that are causing or are

likely to cause death or serious physical harm to [its] employees". KRS

338.031(1).

57.    Further, KOSHA requires UPS to comply with all regulations

promulgated thereunder. *Ibid.*

58.    As explained above, COVID-19 has claimed two lives at UPS's

Louisville, Kentucky Gateway, and is therefore likely to cause additional

death or serious physical harm to other employees, including Plaintiff and

the members of the Union Class.

59.    Moreover, the squalid conditions at UPS's Louisville, Kentucky

Gateway are a prime vector for the transmission of COVID-19 between and

amongst the employees who work there, including Plaintiff and the Union

Class.

60.    Plaintiff and the members of the Union Class, as employees of

UPS, are within the class of persons that KOSHA intends to protect.

-26-

Package:000028 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000028 of 000049

61.    Additionally, on May 11, 2020, Governor Andy Beshear promulgated regulations pursuant to KRS Chapter 39A establishing minimum requirements for entities to operate in the Commonwealth, including UPS: The Healthy at Work requirements.

62.    The Healthy at Work requirements include, *inter alia,* adequate hand sanitizer and encouraging hand washing and proper sanitation.

63.    UPS is not adhering to the Healthy at Work requirements.

64.    Pursuant to KRS 39A.180, all written orders and administrative regulations—including the Healthy at Work requirements—have the full force of law.

65.    Plaintiff and the members of the Union Class, as employees of UPS, are within the class of persons that the Healthy at Work requirements intend to protect.

66.    Plaintiff and the Union Class therefore request a declaration that UPS's policies and practices at its Louisville, Kentucky Gateway run afoul of KOSHA and the Healthy at Work requirements and request injunctive relief to compel UPS to comply therewith.

## VI. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays this Court for Judgment:

A. Certifying the Union Class, and appointing Plaintiff as class representative, and his counsel as class counsel;

-27-

Package:000029 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000029 of 000049

B. Entering a permanent injunction requiring the Defendant to protect the
health and safety of Union members by requiring that it:

    1. Establish cleaning guidance and a schedule with the Union to
routinely clean all frequently touched surfaces at UPS facilities
staffed by Local 2727 members such as, but not limited to:
doorknobs, light switches, handrails, appliances [refrigerators,
microwaves, ice machines, etc.], countertops, drawer handles,
tables, sinks, faucet and toilet handles, drinking fountains, elevator
buttons, push and pull plates on doors, phones, keys and remote
controls, desks, chairs, phones, printers, keyboards, computer mice,
floors; When cleaning vehicles pay special attention to surfaces and
objects that are touched often by passengers, such as door handles,
window buttons, locks, payment machines, arm rests, seat
cushions, buckles and seatbelts. Also wipe down surfaces that
drivers frequently touch and wipe all horizontal surfaces daily;

    2. Provide/post confirmation that facilities and restrooms are
maintained in accordance with the facility and restroom cleaning
schedule (e.g., signature sheet and/or cleaning completion notice
signed by employees complying with the cleaning schedule);

    3. Establish a Deep Cleaning Plan acceptable to the Local 2727 Safety
Chairman and Local 2727 President for employees testing positive
for COVID-19;

-28-

Package:000030 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000030 of 000049

4. Immediately notify the Union President the location of all employees testing positive for COVID-19 at facilities staffed by Local 2727 members. No Local 2727 member will be required to enter contaminated facilities or equipment until the Local 2727 Safety Chairman and/or Local 2727 President is satisfied that the facility/equipment has been "Deep" cleaned and that no unsanitary, unsafe or unhealthful condition exists; and

5. Local 2727 members will receive full pay or suffer harm for all hours missed during the "Deep" cleaning process.

C. That Defendant be ordered to conspicuously post copies of this Court's order at all locations staffed by mechanics and related employees for a period of one-hundred eighty (180) days;

D. That Defendant be ordered to provide a copy of this Court's order to every member of the Union since November 1, 2006, by certified mail at their most current address of record, in order to ameliorate the effects of Defendant's unlawful conduct on these employees' rights;

E. That Plaintiff and the Union Class be awarded declaratory relief;

F. That Plaintiff be awarded its costs; and

G. That the Court grant Plaintiff all additional relief that may be equitable, just and proper including a reasonable award of attorneys' fees.

-29-

Package:000031 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000031 of 000049

Respectfully submitted,

/s/ David O'Brien Suetholz
DAVID O'BRIEN SUETHOLZ
PETER J. JANNACE
*Attorneys for the Union*
BRANSTETTER STRANCH & JENNINGS, PLLC
515 Park Avenue
Louisville, Kentucky 40208
PH: (502) 636-4333
FX: (502) 636-4342
peterj@bsjfirm.com

Package:000032 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000032 of 000049

-30-



| **Andy Beshear**<br>Governor | **Kentucky Labor Cabinet**<br>Department of Workplace Standards<br>Division of Occupational Safety<br>& Health Compliance<br>Mayo-Underwood Building<br>500 Mero Street, 3rd Floor<br>Frankfort, Kentucky 40601<br>Phone: (502) 564-3535<br>Fax: (502) 564-5723<br>www.labor.ky.gov | **Larry Roberts**<br>Secretary |
|---|---|---|
| **Jacqueline Coleman**<br>Lt. Governor | | **Kimberlee Perry**<br>Commissioner |

December 18, 2020

BRIAN HUNLEY
7711 BEULAH CHURCH RD
LOUISVILLE, KY 40228

Dear BRIAN HUNLEY:

A representative of the Division of Occupational Safety and Health Compliance conducted an investigation at UNITED PARCEL SERVICE CO as a result of your complaint received on May 13, 2020. The investigator thoroughly checked all items listed in your complaint and one or more citations were issued against the company (copy enclosed) based upon evidence obtained.

Kentucky Revised Statute 338.121 provides that "no person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint. . ." Please advise the division in writing immediately if you are discriminated against or punished for your job-related safety and health activities.

803 Kentucky Administrative Regulation 2:120 Section 4 allows a complainant to request an informal review from the Commissioner of Workplace Standards after an inspection has resulted in no violations. 803 Kentucky Administrative Regulation 2:090 Section 2(1) provides, ". . . The complaining party may obtain review of such determination by submitting a written statement of position to the executive director. Upon request of the complaining party, the executive director, at his discretion, may hold an informal conference in which the complaining party may orally present his views. After considering all written and oral views presented, the executive director shall affirm, modify, or reverse his determination and furnish the complaining party a written notification of his decision and the reasons therefore. The decision of the executive director shall be final and not subject to further review."

Your interest in workplace health and safety is appreciated. If you would like a copy of the releasable portions of the investigative file, please contact April Edwards of our General Counsel Office at 502-564-3284.

Sincerely,

Kristi Lowry, Health Program Manager
OSH Compliance

Enclosure:  Citations
            Narrative



Filed     21-CI-000813     02/05/2021     David L. Nicholson, Jefferson Circuit Clerk

Package:000033 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (639297)

Package : 000033 of 000049

# Labor Cabinet

Mayo-Underwood Building
500 Mero Street, 3rd Floor
Frankfort KY 40601
Phone: (502)564-3535  FAX: (502)564-5723

Package:000034 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000034 of 000049

## Citation and Notification of Penalty

**To:**
UNITED PARCEL SERVICE CO
911 Grade Ln.
Louisville, KY 40209

**Inspection Site:**
911 Grade Ln.
Louisville, KY 40209

| | |
|---|---|
| **Inspection Number:** | 318109832 |
| **CSHO ID:** | P5135/H0094 |
| **Optional Report No.:** | 022-20 |
| **Inspection Date(s):** | 6/22/2020 - 12/9/2020 |
| **Issuance Date:** | 12/18/2020 |

*The violation(s) described in this Citation and Notification of Penalty is (are) alleged to have occurred on or about the day(s) the inspection was made unless otherwise indicated within the description given below.*

This Citation and Notification of Penalty (this Citation) describes violations of the Kentucky Occupational Safety and Health Statute. The penalty(ies) listed herein is (are) based on these violations. You must abate the violations referred to in this Citation by the dates listed and pay the penalties proposed, unless within 15 working days (excluding weekends, Federal and state holidays) from your receipt of the Citation and Notification of Penalty you mail a notice of contest to the Kentucky Labor Cabinet Division of KY-OSH Compliance at the address shown above. Issuance of this Citation does not constitute a finding that a violation of KRS Chapter 338, or any standard, rule, order or regulation filed pursuant thereto, has occurred unless there is a failure to contest as provided for in KRS Chapter 338, or, if contested, unless this Citation is affirmed by the Review Commission.

**Posting** - The law requires that a copy of this Citation and Notification of Penalty be posted immediately in a conspicuous place at or near the location of the violation(s) cited herein, or, if it is not practicable because of the nature of the employer's operations, where it will be readily observable by all affected employees. This Citation must remain posted until the violation(s) cited herein has (have) been abated, or for 3 working days (excluding weekends, Federal and State holidays), whichever is longer.

**Informal Conference** - An informal conference is not required. However, if you wish to have such a conference you may request one with the Division of KY-OSH Compliance during the 15 working day



Citation and Notification of Penalty

OSHA-2 (Rev 9/12)

contest period. During such an informal conference you may present any evidence or views which you believe would support an adjustment to the citation(s) and/or penalty(ies).

If you are considering a request for an informal conference to discuss any issues related to this Citation and Notification of Penalty, you must take care to schedule it early enough to allow time to contest after the informal conference, should you decide to do so. Please keep in mind that a written letter of intent to contest must be submitted to the Division of KY-OSH Compliance within 15 working days of your receipt of this Citation. An informal conference does not extend the 15 working day contest period. Letters containing both a request for an informal conference and a notice of contest will be treated as a notice of contest.

If you decide to request an informal conference, please complete, remove and post the page 3 Notice to Employees next to this Citation and Notification of Penalty as soon as the time, date, and place of the informal conference have been determined. Be sure to bring to the conference any and all supporting documentation of existing conditions as well as any abatement steps taken thus far.

**Right to Contest** - You have the right to contest this Citation and Notification of Penalty. You may contest all citation items or only individual items. You may also contest proposed penalties and/or abatement dates without contesting the underlying violations. **Unless you inform the Division of KY-OSH Compliance in writing that you intend to contest the citation(s) and/or proposed penalty(ies) within 15 working days after receipt, the citation(s) and the proposed penalty(ies) will become a final order of the Kentucky Occupational Safety and Health Review Commission and may not be reviewed by any court or agency.**

**Penalty Payment** - Penalties are due within 15 working days of receipt of this notification unless contested. Make your check or money order payable to "KENTUCKY STATE TREASURER". Please indicate the Inspection Number 318109832 on the remittance and send to Kentucky Labor Cabinet, Division of OSH Compliance, Mayo-Underwood Building, 500 Mero Street, 3rd Floor, Frankfort, KY 40601.

If uncontested, case becomes a final order and payment is due. Kentucky Revised Statutes 45.239(4) and 45.241 et seq. authorize the Department of Revenue to collect delinquent debt owed the Commonwealth. If this debt is not received within ten (10) business days, the following administrative actions may be taken in order to collect the debt due:

Seizure may be made on all property or rights to property, both real and personal. This includes, but is not limited to, the attachment of any funds held by a bank on your behalf, any wages paid to you; and the seizure and sale of any real estate you may own.

A Notice of State Lien may be filed with your County Clerk. This lien will encumber all real and personal property you now own or may acquire. The filing of a lien may be reflected in credit reports maintained by various credit bureaus.

Citation and Notification of Penalty



OSHA-2 (Rev 9/12)

Any tax refund or other monies that may become due to you from the Commonwealth may be offset to the outstanding debt.

A twenty-five (25) percent collection fee may be added to the total debt amount to defray the cost of collection.

**Notification of Corrective Action** - For violations which you do not contest, you should notify the Kentucky Labor Cabinet of KY-OSH Compliance promptly by letter that you have taken appropriate corrective action within the time frame set forth on this Citation. Please inform the Division of KY-OSH Compliance in writing of the abatement steps you have taken and of their dates, together with adequate supporting documentation, e.g., drawings or photographs of corrected conditions, purchase/work orders related to abatement actions, air sampling results, etc.

**Employer Discrimination Unlawful** - The law states that "No person shall discharge or in any manner discriminate against an employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Chapter or has testified or is about to testify in such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this Chapter". An employee who believes that he/she has been discriminated against may file a complaint no later than 120 days after the discrimination occurred with the Kentucky Labor Cabinet, Division of KY-OSH Compliance at the address shown above.

**Notice to Employees** - Any employee or representative of employees, whose employer has received a citation, may file a written notice of contest with the Division of KY-OSH Compliance. The contest must be mailed to the Kentucky Labor Cabinet Division of KY-OSH Compliance at the address shown above and postmarked within 15 working days (excluding weekends, Federal and State holidays) of the receipt by the employer of this Citation and Notification of Penalty.



Citation and Notification of Penalty

OSHA-2 (Rev 9/12)

Package :000036 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000036 of 000049

**Labor Cabinet**

## NOTICE TO EMPLOYEES OF INFORMAL CONFERENCE

An informal conference has been scheduled with Kentucky OSH to discuss the citation(s) issued on 12/18/2020. The conference will be held at the Kentucky Labor Cabinet Division of OSH Compliance office located at Mayo-Underwood Building, 500 Mero Street, 3rd Floor, Frankfort, KY 40601 on _____ _____ at _____. Employees and/or representatives of employees have a right to attend an informal conference.

Citation and Notification of Penalty



OSHA-2 (Rev 9/12)

Package:000037 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000037 of 000049

## Kentucky Labor Cabinet
Office of Occupational Safety and Health

**Inspection Number:** 318109832
**Inspection Date(s):** 6/22/2020 - 12/9/2020
**Issuance Date:** 12/18/2020
**CSHO ID:** P5135/H0094
**Optional Report No.:** 022-20

## Citation and Notification of Penalty

**Company Name:** UNITED PARCEL SERVICE CO
**Inspection Site:** 911 Grade Ln., Louisville, KY 40209

**Citation 01 Item 001** Type of Violation: **Serious**

KRS 338.031(1)(a): Each employer shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees;

a. Between September 14, 2020 and September 22, 2020, United Parcel Service Co. did not protect it's employees from exposure to the Covid-19 virus.

Feasible abatement methods include, but are not limited to:

Following the Governor's Executive Orders; and/or following the Healthy at Work Requirements; and/or
following the CDC guidelines in effect at the time of the inspection; and/or, following OSHA's guidelines found at OSHA.gov; and/or following OSHA's Guidance on Returning to Work; and/or following OSHA's guidance for specific industries found at OSHA.gov; and/or OSHA's Guidance on Preparing Workplaces for COVID-19.

> **Date By Which Violation Must Be Abated:** 12/31/2020
> **Proposed Penalty:** $6,600.00



Citation and Notification of Penalty

OSHA-2 (Rev 9/12)

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)    Package:000038 of 000049    Package : 000038 of 000049

**Kentucky Labor Cabinet**
Office of Occupational Safety and Health

| | |
|---|---|
| **Inspection Number:** | 318109832 |
| **Inspection Date(s):** | 6/22/2020 - 12/9/2020 |
| **Issuance Date:** | 12/18/2020 |
| **CSHO ID:** | P5135/H0094 |
| **Optional Report No.:** | 022-20 |

## Citation and Notification of Penalty

**Company Name:** UNITED PARCEL SERVICE CO
**Inspection Site:** 911 Grade Ln., Louisville, KY 40209

---

### Citation 02 Item 001 Type of Violation: **Other**

29 CFR 1904.29(b)(3): How quickly must each injury or illness be recorded? You must enter each recordable injury or illness on the OSHA 300 Log and 301 Incident Report within seven (7) calendar days of receiving information that a recordable injury or illness has occurred.

a) For the three Covid-19 positive cases that occurred in ACMX between September 17, 2020 and September 24, 2020.

     **Date By Which Violation Must Be Abated:**     **1/5/2021**
     **Proposed Penalty:**     **$3,850.00**

KRISTI LOWRY
PROGRAM MANAGER
P5135/H0094-022-20
KY-OSH COMPLIANCE

12/18/2020
DATE


TEAM
KENTUCKY

Citation and Notification of Penalty

OSHA-2 (Rev 9/12)

Filed        21-CI-000313        02/05/2021        David L. Nicholson, Jefferson Circuit Clerk

Package:000039 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000039 of 000049

**Kentucky Labor Cabinet**
**Occupational Safety and Health Program**
**Inspection: 318109832   CSHO ID: P5135       Report Number: 022-20**
**Establishment: UNITED PARCEL SERVICE CO**

### Penalty Credits

Number of Employees: 689       Size Credit: 0       Good Faith: 0       History: -10

**Basis for Penalty Credits**

Size:       Calculated from the total maximum national employment in the previous 12 months as stated by the employer.
Good Faith:  Based on the evaluation of the employer's safety and health program as summarized below.
Past History: No prior related history.

---

### Evaluation of Employer's Overall Safety and Health Program:

-10% history credit was deducted due to company receiving serious repeat violation from Federal Inspection #317976561, of which became final order on 2-5-18.

0% penalty credit for good faith was granted due to CSHO recommending a regulatory recordkeeping violation.

Recordkeeping: OSHA 300s, 300As ('16-present) were included in Appendix 3. The company was not recording their Covid-19 cases on their OSHA 300 Log. Per management, the company and insurance provider are going to review the cases to determine work-relatedness. During closing conference CSHO requested their list that is currently not listed on active OSHA 300 Log. Additionally the list provided did not meet the definition of an 'equivalent form' per 29 CFR 1904.29(b)(4) due to not identifying the person, describing the case, and classifying the case. Per 29 CFR 1904.29(b)(3), a citation was recommended.

NOTE: Per Enforcement Guidance for Recording Cases of Coronavirus Disease 2019 (Covid-19), the company was not exempt from violation due to there being objective evidence that the Covid-19 cases may have been work-related since the three workers worked closely together without alternative explananation.

---

### Narrative Comments

#### A. Purpose and Scope of Investigation:

Inspection was initiated on 06/22/20 as a result of a complaint received by the Ky Labor Cabinet on 05/13/20. The inspection was limited in scope to an investigation of the conditions and circumstances related to the hazards alleged on the OSHA 7 complaint form, and any other serious safety and health violation in view of the CSHO during the investigation.

#### B. Description of Process:

This site is open Mon.-Sun. (24hrs.) and the employer is responsible for 966 employees. This establishment's principal services include transportation, loading, unloading, sorting, and package delivery.

---

Package:000040 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000040 of 000049

Kentucky Labor Cabinet
Occupational Safety and Health Program
Inspection: 318109832   CSHO ID: P5135     Report Number: 022-20
Establishment: UNITED PARCEL SERVICE CO

## C. Principal Product:

Parcel Delivery Service

## D. Opening Conference Notes:

Opening conference was conducted over the phone on 06/22/20 with Mynique Mcdonnell, Area HR
Manager. Representing KYOSH were CSHO's H0094 and H0125. A photo copy of CSHO credentials
were presented to Ms. Mcdonnell in the follow up letter after discussing the nature and scope of
inspection, the complaint item(s), and KYOSH inspection policies including employer discrimination.
No unusual circumstances occurred. UPS is Union.

## E. Walkaround Inspection Notes:

ALLEGED: Bathroom and common areas not kept clean, orderly and in a sanitary condition.
Bathrooms in the E-wing, along with bathrooms and common areas in the H-wing, D-wing, ADMX
Hangar, GOC, Wheel Brake Office, and Cell Block area are all unclean and kept in an unsanitary condition.

FOUND: According to Mynique McDonnell, Area HR Manager, an internal investigation team was
assembled consisting of local health and safety, buildings, and systems engineering managment teams
(BaSE-Formerly known as Plant Engineering) with the goal of addressing the items in the OSHA 7
complaint form. Throughout the course of their investigation they found that the following areas/appliances
required additional attention: E-wing (breakroom refrigerator, hallway refrigerator, and break area floor),
Hangar (2nd floor refrigerator unit and bottom vent), Wheel and Brake Shop (2 refrigerator units and 1
bottom vent). All other areas of complaint were reported to be in a clean and sanitary condition.

On 8-24-20, CSHO contacted Teamsters Local 2727 and was informed that a lawsuit regarding the lack of
cleaning was pending. Upon request, CSHO was sent a copy of the information, of which was included in
Appendix 8. According to Union Rep., the contractor was not cleaning effectively and not frequent enough
further stating that the weekends were bad and that counters were not wiped down and supplies not
restocked. Additionally, the document stated that since January 1, 2020, at least fifteen Potential Hazard
Reports (PHRs) had been filed by Teamsters Local 2727 members concerning unsafe, unsanitary, and
unhealhful conditions at UPS facilities in Louisville, Kentucky.

On 9-3-20, CSHO was contacted by another member of Teamsters Local 2727. The rep. was forwarded the
company's response to the initial KYOSH rapid response letter complaint. The rep. reiterated former
assertions and informed CSHO that the cleanliness had been subject of monthly safety meetings the past
three years. Rep. stated that the breakrooms, restrooms, computer rooms, refrigerators, and sinks were
infrequently wiped down further stating that UPS has informed them that they were doing extra since
Covid-19 pandemic but they were not. As discussed further in report, the Union did not feel that the current
contract with cleaning vendor, FMS, was adequate in that it only required them to clean on first shift M-F.

Package :000041 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000041 of 000049

**Kentucky Labor Cabinet**
**Occupational Safety and Health Program**
**Inspection: 318109832   CSHO ID: P5135     Report Number: 022-20**
**Establishment: UNITED PARCEL SERVICE CO**

CSHO was informed by reps. that Susan Bugg, Occupational Health Supervisor for Aircraft Maintenance (ACMX) did all the contact tracing. Rep. informed CSHO that upon request, Bugg had refused to give them a copy of the questionaire and would only tell them that she followed CDC guidelines. Rep. informed CSHO that the Union contacted the health department and was informed that they were overwhelmed and that the contact tracing was left up to UPS. Rep. had also received reports that upon a positive Covid-19 case, the trucks and work spaces were not cleaned. It must be noted that CSHO confirmed that all partners who had a truck were provided with virex to clean after each use.

On 9-14-20, CSHO arrived on site to conduct a walk-around with Union Reps., McDonnell, Sherry Sample, HR, and Tim Brennick, BaSE Plant Engineer. Walkaround encompassed seven different restroom locations at the areas subject to the complaint items as well as several breakrooms and computer rooms. According to management, 966 mechanics over 13 various swing shifts worked in various areas 24-7. CSHO was also informed that UPS Ground workers also accessed those areas to some extent. First shift cleaning (6:30am-3p and 8am-2pm M-F) was contracted to a vendor, FMS. Additionally, UPS Porters were required to clean restrooms and common areas in the H-Wing and D-Wing. According to management, Union, and Brennick, the latter had requested an increase in cleaning staff of which was granted, however, frequency of cleaning had not. FMS was required to clean the areas in the mornings and evenings prior to leaving. According to Union, there was high volume of maintenance/mechanics on the weekends. Union reps provided CSHO with several photos indicating some areas not to be cleaned on a recurring basis. During the 9-14-20 walk-around, all restrooms appeared to be clean, however, several cleaning checklists were observed with weekends not being checked off as cleaned.

Prior to the walkaround CSHO was informed that Virex and hand sanitizer were made available in all common areas to clean common touched objects such as but not limited to computers, hand helds, microwaves, and refrigerators. Upon walkaround, however, CSHO observed bottles to be available in those areas but they were empty without any towels or wipes to clean surfaces that could not be sprayed with Virex. The following areas had deficiencies:

-Hangar's main breakroom with empty bottles of Virex

- Men's restroom-East End 1st Floor with door plate appeared to be dirty

-Hangar- Reader, Printer Room, heavily used Tues-Fri with no wipes, near empty virex bottles.

-Cell Block H Garage with no sanitizer and wipes for frequently touched objects

-Cell Block H Main Breakroom with no sanitizer and wipes for frequently touched objects such as the refrigerator door handle which appeared dirty

-Computer Room with no sanitizer or wipes for frequently touched objects

-D-Wing Garage Breakroom with no sanitizer or wipes for frequently touched objects

Package :000042 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000042 of 000049

Kentucky Labor Cabinet
Occupational Safety and Health Program
Inspection: 318109832   CSHO ID: P5135        Report Number: 022-20
Establishment: UNITED PARCEL SERVICE CO

-D-Wing Printer-Reader Room with no sanitizer or wipes for frequently touched objects

D-Wing Breakroom with no sanitizer or wipes for frequently touched objects.

Failure to provide the disinfectant or disinfectant wipes resulted in shared touched objects not being cleaned on a recurring basis consistent with CDC guidelines.  Those guidelines dated updated on May 7, 2020 established that 'recurring' basis to be at least daily and frequently touched objects to be door handles, bathroom surfaces, handrails, tables, doorknobs, light switches, countertops, handles, desks, phones, keyboards, toilets, faucets, and sinks. After observing the lack of disinfectant wipes or other disinfectant in the aforementioned areas on September 14, 2020, those deficiencies were still not addressed on September 15, 2020 at 1:08 pm as documented by communication with Union Representation. Additionally, failure to do so was not in accordance with Kentucky Health at Work Requirement in which businesses must ensure that employees wipe their workstations down with disinfectant at the end of their shift or at any time they discontinue use of their workstations for a significant period of time. Per signage posted in those areas, the company was not enforcing their policy of wiping down computers before each use as indicated by lack of the disinfectant materials in the aforementioned areas. The CDC's Interim Guidance for Businesses and Employers Responding to Coronavirus Disease 2019 (Covid-19, May 2020 offered guidance that employees avoid using other employees' phones, desks, offices, or other work tools and equipment, when possible and to clean and disinfect them before and after use.

After walkaround, CSHO issued the company a Notice of Deficiency under KYOSH's Health At Work Kentucky initiative for the above items. Immediately after inspection, CSHO contacted KYOSH Director, Seth Bendorf to inform him that the NOD had been issued. Management subsequently informed CSHO that current protocol was to assess whether General Duty violations should be recommended. A copy of the company's NOD response was included in Appendix 5. As discussed further in report, the deficiency was subject to a General Duty violation.

Since Occupational Health Supervisor Susan Bugg was unavailable on 9-14-20, CSHO revisited the site on 9-29-20 to address contact tracing. According to Bugg, she conducted all the contact tracing in Louisville as well as other US aircraft maintenance sites totaling 1600 mechanics. Bugg was available 24-7 for the contact tracing. The healthy at work officer was Pamela Cecil Pullen who was in charge of reviewing and updating policy per CDC guidelines. CSHO confirmed on 9-29-20 that the policy was not written. It was company policy for employees to notify an immediate supervisor when a confirmed case occurred. From there, the employee would immediately begin a ten day plus three day symptom free quarantine. According to Bugg, Louisville Public Health questionaire was utilized and was focused on questions concerning direct contact. On 9-29-20, there were nineteen aircraft maintenance employees quarantined. Since onset of pandemic, a total of thirty-three had been quarantined.  According to Bugg, the outside testing facility would notify Louisville Public Health when an employee tested positive and would do the tracing of the employees' public surroundings. Contact tracing within the facility was conducted by Bugg who would send a PCM (pre-communication meeting) memo to an employee's immediate supervisor to be distributed (without name) to employees in affected area. CSHO was informed by management that contact tracing only included those contacts stated by infected employee due to Hippa. BaSE would then be contacted by

Package:000043 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000043 of 000049

**Kentucky Labor Cabinet**
**Occupational Safety and Health Program**
**Inspection: 318109832   CSHO ID: P5135      Report Number: 022-20**
**Establishment: UNITED PARCEL SERVICE CO**

occupational health dept. and they would have FMS clean the affected areas with CDC approved disinfectant agent.

According to management, a self-screening policy required employees to take own temperature and answer the CDC questionnaire prior to reporting to work. Badging in was deemed as confirmation that employees had complied with the policy. Bugg informed CSHO that she was aware that some employees and management had reported to work while sick/Covid-symptomatic and informed CSHO that symptoms were often confused with allergies. Once Bugg was notified, an employee would immediately be sent home and to a health provider. When questioned, management could not establish that a disciplinary action policy was implemented when employees came to work Covid-symptomatic.

Per employee interview on 9-29-20, CSHO was informed that a supervisor (eventually tested positive) had recently came to work while Covid-symptomatic. During an additional employee interview on 10-13-20, CSHO confirmed that the supervisor reported to work at Cell Block/maintenance staging area Ramp 9 on 9-17-20. Supervisor reported to manager who took supervisor's temperature prior to sending back to perform job duties in Cell Block/maintenance staging area Ramp 9, supervisor's office, and cabinet room. Per employee interview, the manager instructed the supervisor to stay at work because they needed him. Employees did not know what temperature was read by the manager. In addition to not following Kentucky's Healthy at Work requirements for appropriate face covering, the company was not following the Kentucky's Health at Work's requiring employer to not allow employees in the workplace when any screening questions were answered "yes". Although this may not have occurred prior to entering the workplace, it was evident that employee was sick while at work and allowed to stay there. Additionally, the CDC's Interim Guidance for Businesses and Employers Responding to Coronavirus Disease 2019 (Covid-19, May 2020 offered guidance that employees who appear to have symptoms upon arrival to work or who become sick during the day be immediately separated from other employees, customers, and visitors, and sent home. Reportedly, the employee had head on desk and was moaning, hacking, and coughing. While in those areas, the supervisor worked within 6 feet of five other coworkers for up to 35 to 40 minutes at a time on at least two occasions thus meeting the Centers for Disease Control's (CDC's) definition of 'close contact' (w/in 6 ft. for 15 minutes). Two of those five as well as the manager eventually tested positive, two of which infected family members. Per employee interview, the supervisor was the only one not wearing a face covering. Per additional employee interview conducted on 12-2-20, CSHO was informed that the same supervisor was currently not abiding by the face covering requirement in the absence of enforcement and/or disciplinary policy. An example of such was a Thanksgiving dinner in the facility in which supervisor did not wear a face covering in close proximity with others while fixing plate.

CSHO also confirmed that at least two of those five individuals in direct contact with the positive supervisor on 9-17-22 were never contacted through company's contact tracing procedure. It was not until 9-22-20 that those two employees were informed by their manager of the supervisor's positive test. Employees then took it upon themselves to contact Bugg to inquire about what to do. The same manager that ordered the supervisor to stay at work also tested positive on 9-23-20. One of the two employees who contacted Bugg went home because of a headache while the other one was instructed by Bugg to stay at work if asymptomatic even though direct contact had been substantiated. That employee worked an additional two days until testing positive on 9-24-20. As previously stated, it was company's policy to only

Kentucky Labor Cabinet
Occupational Safety and Health Program
Inspection: 318109832   CSHO ID: P5135      Report Number: 022-20
Establishment: UNITED PARCEL SERVICE CO

contact trace those employees that the infected employee informs them of. Due to absence of the contact tracing form for the supervisor, CSHO was unable to determine if contact tracing was conducted or who was listed as close contacts.

Per KRS 338.031(1)(a), a general duty violation was recommended for not protecting employees from exposure to the Covid-19 virus which could also include pneumonia, acute respiratory distress syndrome, post-COVID fibrosis, and in rare instances, death.

ALLEGED: The established cleaning schedule for the listed areas are not being adhered to and are inadequate.

FOUND: UPS's official response to the alleged is that they have both an outside vendor (FMS) and UPS Porters that are responsible for the cleaning of bathrooms and common areas referenced in the complaint. It was confirmed with the BaSE managment team whom oversees the cleaning of the facility, that there is an adhered to cleaning schedule and that they are providing adequate coverage. It was also stated in the official response that the BaSE management team regulary audits the facility to ensure cleaning is completed. In addition, management communicated that there has been a recent increased effort to ensure overall cleanliness of the facility by implementing sign off sheets after each area cleaning is completed.

*Note: This complaint item was addressed in the first item.

F. Closing Conference Notes:

A closing conference was conducted via phone on 12-9-20 with Mynique McDonnell, past Area HR Manager-Aircraft Maintenance and Chad Bolling, new Area HR Manager-Aircraft Maintenance. The closing conference checklist was reviewed in conjunction with the post inspection guide as the recommended violation was discussed. McDonnell informed CSHO to mail the Notice of Violation to the following address which is also listed in the add'l mailing list in OEX: UPS Flight Training Center- 802 Grade Ln., Louisville, Ky 40213. A signed closing conference checklist was also requested by CSHO as well as the list of Covid-19 positive recordables that are to be investigated by the company and their insurance provider at a later date to determine work-relatedness. No unusual circumstances occurred during the closing conference.

G. Summary of Complaint, Referral, Accident or Followup Findings:

PHOTOGRAPH/VIDEO SUMMARY SHEET

PHOTOGRAPHS

**Kentucky Labor Cabinet**
**Occupational Safety and Health Program**
**Inspection: 318109832   CSHO ID: P5135      Report Number: 022-20**
**Establishment: UNITED PARCEL SERVICE CO**

Photographs taken  Yes / No:_____40_____

Total # of photos :_____40_____

Photos taken with camera  Yes / No   #:___40__

Photos taken from video     Yes / No   #:__no___

Photos received from other sources Yes / No   #:___yes___

Source: Union Representation via text and email

Location of photos: Photos above are included on I:drive Compliance Photos


VIDEO

Video taken              Yes / No:_____No_____

Location of video if not in this casefile: n/a

Photographs


Description: IMGs0556-00561 depicted Hangar main breakroom; empty bottles of virex were observed in this area where vending machines, coffee makers, refrigerators, and microwaves were used.

Description: IMG0562 depicted FMS (Housekeeping) daily cleaning checklist in womens restroom in Hangar

Description: IMG0563 depicted E-end first floor men's restroom with dirty door plate

Description: IMG0564 depicted a sensor-activated water dispenser built in to water fountain- E-end first floor

Description: IMG0565 depicted a supplemental shower to be used for emergencies

Description: IMGs0566, 0567 depicted dirty door plate E-end restroom

Description: IMG0568 depicted blocked off urinal in E-end restroom

Package :000046 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000046 of 000049

**Kentucky Labor Cabinet**
**Occupational Safety and Health Program**
**Inspection: 318109832   CSHO ID: P5135        Report Number: 022-20**
**Establishment: UNITED PARCEL SERVICE CO**

Description: IMG0569 depicted blocked off sinks in E-end restroom

Description: IMG0570 depicted Hangar Reader-Printer room with sign to 'wipe down equipment before each use'- area contained no disinfectant and/or disinfectant wipes

Description: IMG0571 depicted empy virex bottle in Hangar Printer-Reader room

Description: IMG0572 depicted dirty door for Hangar Printer-Reader room

Description: IMG0573 depicted an area view of the Hanger Printer-Reader room

Description: IMG0574 depicted 'social distancing' poster in Hanger Printer-Reader room

Description: IMGs0575-0579 depicted Cell Block H Garage w/no disinfectant and/or disinfectant wipes

Description: IMGs0580-0582 depicted Cell Block H main break area

Descrtipton: IMG0583 depicted water fountains in Cell Block H

Description: IMG0584 depicted shower in Cell Block H

Description: IMGs0585, 0586 depicted Cell Block H computer room with no disinfectant and/or disinfectant wipes

Description: IMG0587 depicted supervisor's office in Cell Block H with no disinfectant and/or disinfectant wipes

Description: IMG0588 depicted poster with Ky Healthy at Work Requirements in the Cell Block H area

Description: IMG0589 depicted D-Wing Garage break room with no disinfectant and/or disinfectant wipes

Description: IMGs0590, 0591 depicted D-Wing women's restroom daily cleaning sign off sheet w/no weekend cleaning

Description: IMGs0592, 0593 depicted D-Wing printer-reader room with no disinfectant and/or disinfectant wipes

Description: IMG0594 depicted E-Wing emergency eyewash-safety shower

Description: IMGs095, 096 depicted Health at Work Notice of Deficiency issued by CSHO on 9-14-20

The following photos were sent to CSHO by Union Representation:

Package:000047 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000047 of 000049

---

**Kentucky Labor Cabinet**
**Occupational Safety and Health Program**
**Inspection: 318109832   CSHO ID: P5135       Report Number: 022-20**
**Establishment: UNITED PARCEL SERVICE CO**

Description: IMGsUPS1-UPS18 depicted unsanitary conditions in various areas of ACMX

Description: IMGsUPS30-33 depicted Ramp 23 restrooms from the weekend of Oct24-25.

NOTE: IMGsUPS19-29 were screen shots of CSHO's text messages with Union reps and are included in casefile.

<div style="text-align:right; writing-mode: vertical">Package:000048 of 000297</div>

<div style="text-align:right; writing-mode: vertical">Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)</div>

<div style="text-align:right; writing-mode: vertical">Package : 000048 of 000049</div>

## PLAINTIFF'S VERIFICATION

COMMONWEALTH OF KENTUCKY )
                                    ) ss.
COUNTY OF JEFFERSON        )

I, TIM BOYLE, am the Plaintiff in the above-entitled action. I have read the foregoing VERIFIED COMPLAINT and know the contents thereof. The contents are true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
TIM BOYLE

Sworn to before me this
_2_ day of _Feb_, 2021.

_____
NOTARY PUBLIC
STATE AT LARGE, KY.
ID# 581616

My commission expires on the _22_ day of _July_, 2021.

Package: 000049 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package: 000049 of 000049



David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731

CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601



## KCOJ eFiling Cover Sheet

Case Number: 21-CI-000813

Envelope Number: 3161797

Package Retrieval Number: 316179721695952@00000966807

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $14.00

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Package:000001 of 000049

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000001 of 000049







**Commonwealth of Kentucky**
**David L. Nicholson, Jefferson Circuit Clerk**

NOT ORIGINAL DOCUMENT
03/01/2021 11:37:09 AM
88910

| | |
|---|---|
| **Case #:** 21-CI-000813 | **Envelope #:** 3161797 |
| **Received From:** DAVID O'BRIEN SUETHOLZ | **Account Of:** DAVID O'BRIEN SUETHOLZ |
| **Case Title:** BOYLE, TIM VS. UNITED PARCEL SERVICE CO (AIR) | **Confirmation Number:** 120292392 |
| **Filed On** 2/5/2021  1:18:12PM | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $3.00 |
| 5 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 6 | Money Collected For Others(Postage) | $14.00 |
| 7 | Charges For Services(Copy - Photocopy) | $4.90 |
| | **TOTAL:** | $216.90 |

Generated: 2/5/2021

Page 1 of 1



**KENTUCKY**
COURT OF JUSTICE

**21-CI-000813**

### *BOYLE, TIM VS. UNITED PARCEL SERVICE CO. (AIR)*

**JEFFERSON CIRCUIT COURT**

Filed on **02/05/2021** as **PREMISES LIABILITY** with **HON. CHARLES L. CUNNINGHAM**

**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

| Case Memo | 21-CI-000813 |
|---|---|

*PREMISES LIABILITY*

| Parties | 21-CI-000813 |
|---|---|

**BOYLE, TIM** as **PLAINTIFF / PETITIONER**

**Address**

REP OF CLASS AND TEAMSTERS LOCAL 2727
7711 BEULAH CHURCH ROAD
LOUISVILLE KY 40228

**UNITED PARCEL SERVICE CO. (AIR)** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Address**

1400 NORTH HURSTBOURNE PARKWAY
LOUISVILLE KY 40223

**Summons**

**CIVIL SUMMONS** issued on **02/05/2021** by way of **CERTIFIED MAIL**
*GREEN CARD SIGNED, NO DATE, CLOCK DATE: 02/12/2021*

**JANNACE, PETER J** as **ATTORNEY FOR PLAINTIFF**

**Address**

BRANSTETTER, STRANCH & JENNINGS PLLC
515 PARK AVENUE
LOUISVILLE KY 40208

**SUETHOLZ, DAVID O'BRIEN** as **ATTORNEY FOR PLAINTIFF**

**Address**

515 PARK AVENUE
LOUISVILLE KY 40208

**CORPORATION SERVICE COMPANY** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is UNITED PARCEL SERVICE CO. (AIR)

**Address**

421 WEST MAIN STREET
FRANKFORT KY 40601

| Documents | 21-CI-000813 |
|---|---|

**COMPLAINT / PETITION** filed on **02/05/2021**

**EXHIBIT** filed on **02/05/2021**

**MISCELLANEOUS** filed on **02/05/2021**

| Images | 21-CI-000813 |
|---|---|
| **COMPLAINT / PETITION** filed on **02/05/2021**   *Page(s): 30* | |
| **EXHIBIT** filed on **02/05/2021**   *Page(s): 16* | |
| **SUMMONS** filed on **02/05/2021**   *Page(s): 1* | |
| **MISCELLANEOUS** filed on **02/05/2021**   *Page(s): 1* | |
| **COURTESY FINANCIAL TRANSACTION REPORT** filed on **02/05/2021**   *Page(s): 1* | |

**\*\*\*\* End of Case Number : 21-CI-000813 \*\*\*\***