UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TIM BOYLE, individually, and as representative of
a class of similarly situated persons comprising the unincorporated
labor organization, International Brotherhood of Teamsters, Local
2727, 7711 Beulah Church Road, Louisville, Kentucky 40228           PLAINTIFF

v.                                                                   NO. 3:21-CV-135-CRS

UNITED PARCEL SERVICE CO. (AIR)                                     DEFENDANT

MEMORANDUM OPINION

Before the Court are the following:

(1) Motion of Defendant United Parcel Service Co. (AIR)("UPS") to dismiss (DN 5)

(2) Motion of Plaintiff Tim Boyle to remand and for costs (DN 12)

(3) Boyle's objection to the Order of the United States Magistrate Judge denying limited jurisdictional discovery (DN 28).

The Court has reviewed the filings and discerned that the matter was improperly removed from state court. Therefore, for the reasons explained herein, the motion to remand will be granted.

The action was filed in the Jefferson County, Kentucky, Circuit Court by Boyle, seeking to represent himself and as a representative of Teamsters Local 2727, alleging nuisance, negligence and negligence *per se* in UPS "refusing to take reasonable and appropriate [sanitation] measures to protect the members of the Union" during the COVID-19 pandemic and

placing them "at significant risk of illness and death…" Verified Complaint, DN 1-1, PageID #12, ¶¶ 8, 9. He seeks certification of a class of union members like himself, and declaratory and injunctive relief to remedy the sanitation issues and institute "communication protocols" with the Union concerning COVID-19 issues. *Id.*, PageID #s 30-32.

UPS removed the action under our diversity jurisdiction, 28 U.S.C. § 1332, representing in its Notice of Removal that the parties are diverse and that "[t]he amount in controversy here exceeds $75,000, exclusive of interest and costs, because Plaintiff seeks injunctive relief impacting the workplace safety and communication protocols for approximately 1,600 employees who are members of the Union, as well as attorneys' fees." Notice of Removal, DN 1, PageID #2, ¶ 6.

As noted in *Heyman v. Lincoln Life Insurance Company*, 781 Fed.App'x. 463, 473 (6th Cir. 2019(quoting *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369 (6th Cir. 2007)), "[a]s a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees." The complaint raises only common law nuisance and negligence claims and seeks attorneys' fees under a catch-"all additional relief" paragraph seeking "all additional relief that may be equitable, just and proper." DN 1-1, PageID #32, ¶

Diversity jurisdiction requires two elements: complete diversity of the parties and an amount in controversy which exceeds $75,000. 28 U.S.C. § 1332 (2012). As provided in 28 U.S.C. § 1446,

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks--

> **(i)** nonmonetary relief; or
> **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> **(B)** removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements. *See Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989); *Cole v. Great Atl. & Pac. Tea Co.,* 728 F.Supp. 1305, 1307 (E.D.Ky.1990); *see also Yeldell v. Tutt,* 913 F.2d 533, 537 (8th Cir.1990).

> Where a plaintiff claims an unspecified amount in damages, a defendant seeking removal under diversity jurisdiction must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the statutory threshold. *See* 28 U.S.C. § 1446(c)(2)(B) (2012); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). Here, Plaintiffs sought "whatever amount Plaintiffs are found to be entitled, together with interest, costs, and attorney fees."[1] Defendant's Notice of Removal merely alleged that the amount in controversy "might exceed $75,000," which is insufficient to show an adequate amount in controversy. *See, e.g., Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006), *abrogated on other grounds by Hertz*, 559 U.S. 77, 130 S.Ct. 1181 ("While [a defendant] need not show 'to a legal certainty that the amount in controversy met the federal requirement,' [he] must do more 'than show[ ] a mere possibility that the jurisdictional amount is satisfied.' " (quoting *Gafford*, 997 F.2d at 155 & n.2 (final alteration in original) (footnote omitted))).

*Naji v. Lincoln*, 665 F. App'x 397, 400–01 (6th Cir. 2016).

The Notice of Removal fails to articulate a sufficient ground upon which to conclude that the amount in controversy exceeds $75,000.00. UPS offers no additional elucidation in response to Boyle's motion to remand.

In response, UPS merely repeats the statement made in the Notice of Removal. It does not directly argue that an aggregate value of proposed union member claims can meet the jurisdictional threshold for diversity jurisdiction. Perhaps this is so because UPS understands that *Snyder v. Harris*, 89 S.Ct. 1053 (1969) remains good law and has been followed in this Circuit, holding that "[t]he traditional judicial interpretation ... has been from the beginning that the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Naji*, 665 F. App'x at 401.

The parties hotly contest the principal place of business of UPS for purposes of establishing diversity of citizenship. However, we need not address that question as UPS' failure to plausibly allege the requisite amount in controversy is fatal to removal under § 1332. The matter was not properly removed under our diversity jurisdiction.

The Notice of Removal also states in a footnote that

> In addition, under 28 U.S.C. § 1331 ("section 1331"), federal courts have original jurisdiction over any civil case "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although Plaintiff does not specifically reference any federal causes of action in his Complaint, all of Plaintiff's claims are intertwined with and dependent upon this Court's interpretation of the current collective bargaining agreement ("CBA") between Defendant and the Union (of which Plaintiff is the President) and implicate federal labor laws. Accordingly, this case is also removable pursuant to 28 U.S.C. § 1331 by reason of federal question jurisdiction.

DN 1, PageID #3, n. 1. Boyle makes no reference to a federal cause of action and UPS itself does not identify one beyond the general statement that Boyle's claims "implicate federal labor laws." UPS makes clear in later filings[1] that it bases its assertion of federal question jurisdiction on the purported application of the Railway Labor Act ("RLA"), 45 U.S.C. § 151, to Boyle's claims.

---

[1] Specifically, its response to the motion to remand and its motion to dismiss.

4

Congress passed the RLA, which governs railroads and airlines, "to provide for 'the prompt and orderly settlement' of labor disputes in those industries. 45 U.S.C. § 151a." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 831 (7th Cir. 2014)(quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994) ("Congress' purpose in passing the RLA was to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes.")). While the RLA may ultimately have application in this case, a question we do not decide, such proposed application does not provide a valid basis for removal under federal question jurisdiction in the Sixth Circuit.

The case of *Roddy v. Grand Trunk W. R.R., Inc.*, 395 F.3d 318 (6th Cir. 2005) is dispositive, notwithstanding UPS' attempts to distinguish the case on its facts. Urging that the out-of-circuit case of *Miller v. Southwest Airlines Co.*, 926 F.3d 898 (7th Cir. 2019) is "on all fours" with the case at bar, UPS would have the Court disregard *Roddy*. It contends that *Roddy* is distinguishable as the Court "was addressing a lawsuit in a very different procedural posture: it was filed by an individual plaintiff under a state civil rights law…*Roddy* is distinguishable because it did not address they type of claim present in this case, which are purportedly brough on behalf of all union members and require interpretation of a CBA, making the claims inextricably intertwined with the CBA." Response, DN 18, p. 11. A review of the *Roddy* case reveals, however, that the case turned not on the "type of claim present" (that is, whether such a claim would be governed by the RLA's requirements) but rather on the question of whether the RLA completely preempts the field such that removal under federal question jurisdiction would be proper.

In *Roddy*, as here, the Complaint asserted only state law claims. The Court began by noting that "'Only state-court actions that originally could have been filed in federal court may

5

be removed to federal court by the defendant.' *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing 28 U.S.C. § 1441(a)). 'As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.' *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003)." 395 F.3d at 322. The Court went on to explain that, in determining whether a complaint arises under federal law, the Sixth Circuit applies the "well-pleaded complaint" rule where the Court examines the "well pleaded" allegations of the complaint, and ignores potential defenses such as preemption by the RLA. The Court stated:

> It is settled law that "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425 (emphasis in original). *See also Beneficial Nat. Bank,* 539 U.S. at 6, 123 S.Ct. 2058 ("[A] defense that relies on ... the pre-emptive effect of a federal statute will not provide a basis for removal."); *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) ( "Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court.").

395 F.3d at 322. The Court noted that, as the Plaintiff is the master of the Complaint, state law claims cannot be "recharacterized" as federal claims for purposes of removal. *Id.* (quoting *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 514 (6th Cir. 2003), citing *Metro. Life Ins. Co. v. Taylor*, 107 S.Ct. 1542 (1987)).

Instead, *Roddy* held that "[a] state claim may be removed to federal court in only two circumstances—when Congress expressly so provides, and when a federal statute wholly displaces the state-law cause of action through complete preemption." 395 F.3d at 322-323. The first circumstance is not in issue.

Removal is permitted because of complete preemption where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one

6

stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id*. at 323 (quoting *Caterpillar v. Williams*, 107 S.Ct. 2425 (1987)). Thus the determining factor is the nature of the statute in issue. Noting that complete preemption is a narrow exception to the well-pleaded complaint rule, the Sixth Circuit held that "the RLA does not have the extraordinary preemptive force necessary to create federal removal jurisdiction." *Id.* at 326. In reaching this determination, the Court examined the jurisprudence of other jurisdictions and rejected decisions reaching a contrary result. This includes rejection of *Gore v. TWA*, 210 F.3d 944 (8th Cir. 2000) relied on by UPS.

The *Miller* case which UPS cites as factually on point was decided by the Seventh Circuit in 2019. It indeed, held that the RLA completely preempts the field and United Airlines' claims were properly removed despite being framed solely with reference to state law. We note, though, that the Seventh Circuit hedged its bets in *Miller*. The Court stated that "[i]f we are wrong about how the Railway Labor Act affects collective bargaining over fingerprinting in the workplace, then the doctrine of complete preemption would not authorize removal of the suit against United. So, just in case, we add that the Class Action Fairness Act probably authorized the removal—probably, but not certainly." *Id.*[2]

We reject the holding of *Miller* as it stands in direct conflict with the *Roddy* case which is binding precedent for this Court. This case was not properly removed under our federal question jurisdiction.

For these reasons, the action must be remanded to the Jefferson County, Kentucky, Circuit Court for all further proceedings.

Boyle seeks an award of fees and costs, urging that the removal of the case to federal court was objectively unreasonable. *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059

---

[2] No party argues that the Class Action Fairness Act has any application here.

(6th Cir. 2008)(quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).  The Court having reviewed the matter and considered the request, finds that despite the Court's ultimate determination that removal was improper, we do not find it was objectively unreasonable and so will decline to award costs.

    A separate order will be entered this date in accordance with this opinion.

January 12, 2022

Charles R. Simpson III, Senior Judge
United States District Court